UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MIKE WIDMER,

    Plaintiff,

v.                               17-CV-2113

SHERIFF MARK DORAN, et al.,

    Defendants.

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his detention in the Ford County Jail. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**Allegations**

Drawing from the complaint and its attachments, Plaintiff alleges that he is being detained in the Ford County Jail on a felony charge of intimidation based on a Facebook post.  He asserts that he did not make the post and that the post did not mention the alleged victim's name.  He seems to allege that he was arrested without probable cause and that a police officer offered a false affidavit to secure a search warrant for the home of Plaintiff's brother and perhaps Plaintiff's home as well.  Neither search turned up evidence to support the charge.  Plaintiff is being detained in the Jail on a one million dollar bond.

Plaintiff alleges that he entered the Jail with two recently broken teeth which "were shoved into his skull" along with three abscessed teeth.  Both a dentist and an oral surgeon have allegedly recommended that Plaintiff have the five teeth promptly removed.  The dentist allegedly told Plaintiff that Plaintiff's vision could be permanently lost if the teeth are not removed.  The oral surgery was

not scheduled because Plaintiff's Medicare would not cover the surgery. Thus, Plaintiff remains in Jail with the abscessed teeth and is no longer being provided antibiotics. Plaintiff appears to allege that he is being denied necessary treatment because the Jail will not cover the costs.

Further, Plaintiff alleges that he has been denied necessary mental health treatment for a mental health breakdown because of the Jail's policy of employing only one mental health professional for four hours per week. Plaintiff also alleges that newspapers and magazines mailed to him are kept from him because of a Jail policy and that he cannot send out legal mail unless he has money in his account.

**Discussion**

Plaintiff cannot challenge what is happening in his ongoing criminal proceedings in this case to the extent he is trying to do so. The place to make that challenge is in Plaintiff's criminal case. Simpson v. Rowan, 73 F.3d 134, 137 (7th Cir. 1995)("In *Younger*, the Supreme Court held that absent extraordinary circumstances federal courts should abstain from enjoining ongoing state criminal proceedings.") Additionally, prosecutors are absolutely immune

from civil liability for pursuing criminal charges in court, and judges are absolutely immune from civil liability for their decisions in court. Imbler v. Pachtman, 424 U.S. 409, 431 (1976)("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983."); Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)( "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").

If Plaintiff is pursuing a claim for arrest without probable cause, that claim might be able to proceed in a civil action while the criminal case is pending, but Plaintiff does not offer enough facts to determine whether he states a claim for false arrest. "Probable cause to make an arrest exists when a reasonable person confronted with the sum total of the facts known to the officer at the time of the arrest would conclude that the person arrested has committed, is committing, or is about to commit a crime." Venson v. Altamirano, 749 F.3d 641, 649 (7th Cir.2014). For example, Plaintiff does not state whether an arrest warrant had issued, whether the victim had complained to police, what the Facebook post stated, whether the post was on Plaintiff's Facebook page, and

whether the post appeared to be authored by Plaintiff. Similarly, if Plaintiff is contending that the search warrant that issued for his home was based on false statements by police, he does not explain what statements were made in the affidavit for the search warrant that were false.[2]

In any event, claims arising from Plaintiff's arrest and the search of his home would not be properly joined with his claims regarding the incidents at the Jail because the occurrences are unrelated and against different Defendants. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . ."). Plaintiff's claims regarding his arrest and the search will be dismissed without prejudice to refiling as a separate action and paying a separate filing fee. In order to avoid a strike under 28 U.S.C. § 1915(g), Plaintiff should carefully consider, before filing a separate action, whether he can allege facts to plausibly state a federal claim based on the arrest and search.

Plaintiff clearly states a claim for deliberate indifference to his serious dental, medical, and mental health needs at the Jail.

---

[2] Plaintiff mentions the false affidavit with regard to the search of his brother's home, but Plaintiff cannot pursue an action on his brother's behalf based on the search of his brother's home.

However, he names 16 defendants on these claims.  Only the individuals who are personally responsible for denying Plaintiff care can be liable.  Personally responsible means that an individual knows about the problem and has the authority to do something to fix the problem.  The correctional officers named as Defendants would not have control over what treatment services the Jail provides, but the administrators arguably would.  These claims will proceed against Sheriff Doran and Jail Administrator Stacy Bruens at this point.  Similarly, Plaintiff's claims about his legal mail, newspapers, and magazines are systemic challenges to Jail policy and will proceed against Sheriff Doran and Jail Administrator Stacy Bruens at this point.  Ford County will be added for purposes of indemnification and to cover the possibility that the alleged policies are attributable to the County.

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claims against Defendants Doran (in his official and individual capacities) and Defendant Bruens:  (1) Fourteenth Amendment due process claim for deliberate indifference to Plaintiff's serious

medical, dental, and mental health needs; and, (2) First Amendment claim based on the Jail's policies regarding newspapers, magazines, and legal mail. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2) Plaintiff's claims arising from his arrest and the search of his home are dismissed, without prejudice, for failure to state a claim and as improperly joined with the claims proceeding in this case.

    3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from

the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

     5)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

     6)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by

Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **The clerk is directed to add Ford County as a Defendant.**

13) **Defendants Sherfey; Cornett; Harrison; Keenan; Weidner; Clark; Woodmansee; Ward; Miller; Williams; Mobley; Tardiff; Sloan; McGiness; Bane; Cornett and Ryan are**

**dismissed, without prejudice. The clerk is directed to terminate these Defendants.**

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on the remaining Defendants pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: May 25, 2017

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE